MOORE, Chief Justice
(dissenting).
I dissent because I am concerned the Court is stepping into the shoes of the legislature in this case.
Sodomy is an abhorrent crime and should be strictly punished. In this case the defendant, Eric Lemont Higdon, a 17-year-old who worked as an intern at a day-care facility, was convicted under § 13A-6-63(a)(3), Ala.Code 1975, of sodomy in the first degree of a child under 12 years old and was sentenced to 23 years’ imprisonment. He-has not challenged that conviction on appeal.
Higdon was also charged under § 13A-6-63(a)(l), Ala.Code 1975, which states: “A person commits the crime of sodomy in the first degree if ... [h]e engages in deviate sexual intercourse with another by forcible compulsion.” (Emphasis added.) “Forcible compulsion,” in turn, is defined as “[pjhysical force that overcomes earnest resistance or a threat, express or implied, that places another person in fear of immediate death or serious physical injury to himself or another person.” § 13A-6-60(8), Ala.Code 1975 (emphasis added).
The “implied” threat in the definition of forcible compulsion is not the threat of sexual assault but of “immediate death or serious physical injury.” The legislature has defined serious physical injury as “[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ.” § 13A-1-2(14), Ala.Code 1975.
Because there was no evidence in this case of an implied threat of serious physical injury under this definition, or of an implied threat of death, Higdon cannot be convicted of sodomy in the first degree “by forcible compulsion.” This Court has previously taken the position that an implied threat under § 13A-6-60(8) may be inferred in cases “concerning the sexual assault of children by adults with whom the children are in a relationship of trust.” See Powe v. State, 597 So.2d 721, 728 (Ala.1991)(emphasis added). Today the Court extends’that rule to cases involving sexual assault of children by other children, of perhaps a different age and level of maturity. Although this may be a nóble cause in certain situations, policymaking is beyond the role of this Court. This Court has potentially opened the door to cases in which a 10-year-old could be convicted of “first-degree sodomy by forcible compulsion” for intercourse,with an 8-year-old, or a 6-year-old with a 4-year-old, or a 16-year-old with a 14-year-old. The legislature, however, has already drawn these lines in the statute under which Higdon was convicted, stating that a person commits sodomy in the first degree if “[h]e, being 16 years old or older, engages in deviate' sexual intercourse with a person who is less than 12 years old.” § 13A-6-63(a)(3). Because the Legislature of Alabama has adopted § 13A-6-63(a)(3), which covered Higdon’s conduct, for which he is being punished, this Court has no “right” or “authority” to make a “new” law to govern conduct between minors the legislature obviously chose not to address. *1024 Therefore, because I believe this Court is adding its own rule to 'the statute, I respectfully dissent.